```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION
```

**JPMORGAN CHASE BANK, N.A.**                                    PLAINTIFF

    V.                    Civil No. 07-3031

**MY ICIS, INC. d/b/a MYICIS.COM,**
**WAYNE HICKS, and JOHN BARRINGTON**                           DEFENDANTS

<u>**JUDGMENT**</u>

    Now on this 11th day of June, 2008, come on for consideration the following motions:

    \*    **Motion For Default Judgment Against Separate Defendant MY ICIS, Inc.** (document #31);

    \*    **Motion For Default Judgment Against Separate Defendant Wayne Hicks** (document #32); and

    \*    **Motion For Default Judgment Against Separate Defendant John Barrington** (document #33),

and the Court, being well and sufficiently advised, finds and orders as follows:

    1.   Plaintiff alleges that defendants are indebted to it in the amount of $157,559.07 pursuant to a series of transactions in what is said to be a registered Money Service Business.  The Complaint prays for damages, post-judgment interest, costs and attorney's fees.

    2.   The Complaint was filed on July 16, 2007, and plaintiff thereafter commenced efforts to serve the defendants.  Failed attempts at personal service led to a request to serve by warning

order.  Warning Orders for each defendant were issued on December 18, 2007.  Plaintiff shows that these Warning Orders were published in the Harrison Daily Times, published at Harrison, Boone County, Arkansas, on January 1, 2008, and January 8, 2008.

No response to the Complaint has been filed by any defendant, and a Clerk's Default was entered against all three defendants on February 7, 2008.  Plaintiff now moves for default judgment.

3.   **F.R.C.P. 55(b)(2)** allows a party to apply to the Court for a default judgment when the opposing party has failed to respond and a Clerk's Default has been entered.  That is the situation here, and the Court finds that plaintiff is entitled to a default judgment, once the amount of damages has been determined.  The Court also finds that plaintiff is entitled to its costs and a reasonable attorney's fee.

4.   Although defendants are in default, that does not result in an automatic finding that plaintiff is entitled to judgment for the amount demanded.  Pursuant to **F.R.C.P. 8(b)(6)**, an allegation relating to the amount of damages is not admitted simply because it is not denied.  There is no affidavit or verification of the amount claimed in this case, nor is it even readily apparent from the Complaint how such amount was computed.  The Court, therefore, finds that the matter should be set down for a hearing to determine the appropriate amount of damages, attorney's fees, and costs.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Default Judgment Against Separate Defendant MY ICIS, Inc.** (document #31); plaintiff's **Motion For Default Judgment Against Separate Defendant Wayne Hicks** (document #32); and plaintiff's **Motion For Default Judgment Against Separate Defendant John Barrington** (document #33) are **granted**, and this matter is set down for hearing at 1:30 p.m. on Thursday, July 24, 2008, for the purpose of determining the appropriate amount of damages, attorney's fees, and costs.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**