```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION
```

**JPMORGAN CHASE BANK, N.A.**                                        **PLAINTIFF**

   V.                    Civil No. 07-3031

**MY ICIS, INC. d/b/a MYICIS.COM,**
**WAYNE HICKS, and JOHN BARRINGTON**                                 **DEFENDANTS**

## SECOND AMENDED AND SUBSTITUTED JUDGMENT

    Now on this 25th day of July, 2008, came on for hearing the issue of damages, attorney's fees, and costs in the captioned matter.  Plaintiff appeared by and through its attorney, W. Douglas Martin, and defendants appeared not.  From the evidence and the arguments presented by counsel for plaintiff, the Court finds and orders as follows:

    1.   Defendants are in default in this matter.  On June 11, 2008, the Court found that plaintiff was entitled to a default judgment upon determination of damages, and to costs and a reasonable attorney's fee.

    2.   Plaintiff presented an Affidavit Of Damages by its Vice President and Manager of Fraud Recovery Investigations, Cheryl A. Cimperman, establishing that defendants have caused it to suffer a loss in the amount of $157,559.00.  It further offered case law to the effect that pre-judgment interest at the rate of 6% is appropriate from the date of filing its Complaint (July 16, 2007)

until the date of judgment[1], which the Court computes to be $9,712.55.  The Court, therefore, finds that plaintiff is entitled to damages in the amount of $167,271.55.

    3.   Plaintiff presented the Affidavit of W. Douglas Martin to the effect that it had incurred attorney's fees in the sum of $8,130.00 and costs in the amount of $1,539.17.  These expenses are documented, and the Court finds they are reasonable.  The sum of $9,669.17 will therefore be awarded as attorney's fees and costs, same to be included in the total amount of the judgment herein.

    **IT IS THEREFORE ORDERED** that plaintiff have judgment against defendants, jointly and severally, in the sum of One Hundred Seventy-Six Thousand Nine Hundred Forty and 72/100 Dollars ($176,940.72), same to collect interest at the rate of 2.21% per annum until paid, for all of which execution may issue.

    **IT IS SO ORDERED** this 28th day of July, *nunc pro tunc* July 25, 2008.

                                            /s/ Jimm Larry Hendren
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**

---

[1] While the Complaint did not specifically pray for "prejudgment interest," it did pray for "all other relief to which it is entitled."  The Court finds this sufficient to support an award of pre-judgment interest under <u>Wooten v. McClendon</u>, 272 Ark. 61, 612 S.W.2d 105 (Ark. 1981).